## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS MOURATIDIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-824 |
| | : | |
| HECTOR AYALA, *et al.* | : | |
| Defendants. | : | |

## MEMORANDUM

**BARTLE, J.**                                                                **April 7, 2022**

Plaintiff Louis Mouratidis commenced this *pro se* civil action, alleging violations of his constitutional rights and asserting other federal and state law claims.  (ECF No. 2.)  Mouratidis was previously granted leave to proceed *in forma pauperis*.  (*See* ECF No. 7.)  For the following reasons, the court will dismiss some of Mouratidis's claims with prejudice and some without prejudice.  Mouratidis will be granted leave to file an amended complaint.

## I.      FACTUAL ALLEGATIONS[1]

Mouratidis's Complaint names as Defendants the following: individuals alleged to be associated with Hispanic Community Counseling Services ("HCCS"):  Hector Ayala, Jesus Herrera, and Gerald A. Floreza;  the following individuals alleged to be associated with Community Behavioral Health ("CBH"):  Joan Erney and Chris Tjoa; and the following individuals associated with the Department of Behavioral Health & Intellectual Disability Services ("DBHIDS"):  Denise Taylor Patterson, David T. Jones, Donna F. M. Bailey, Andrea L.

---

[1] The allegations are taken from Mouratidis's Complaint and the exhibits thereto.  The court adopts the pagination assigned by the CM/ECF docketing system.

Brooks, Nicole Commell, Groland Lamb, Jeffrey Orin, Sosunmolu Shoyinka, and Sandy Vasko. (ECF No. 2 at 8-9.)  Mouratidis names the defendants in their "professional and official capacities."  (*Id.* at 9.)  His claims are based upon care he received at HCCS in Philadelphia.

Mouratdis alleges that he has a history of mental health problems.[2]  (*Id.* at 12-13.)  He alleges that in 2012, he began receiving mental health outpatient services at HCCS.  (*Id.*)  Defendant Herrera is alleged to have performed the initial psychiatric intake in 2012, and allegedly prescribed clonazepam to Mouratidis as late as October 2019.  (*Id.* at 16; ECF No. 2-1 at 25.)  During this 7-year period, Mouratidis alleges that his medications successfully treated his mental health conditions.  (ECF No. 2 at 13, 17.)  In 2019, he came under the care of defendant Floreza, who allegedly told Mouratidis that he intended to alter his medication.  (*Id.*)  Mouratidis objected to the change.  (*Id.* at 14.)  He alleges that, since that time, his medication has been tapered and denied.  (*Id.*)

Mouratidis makes no substantive factual allegations against the other named defendants.

Mouratidis alleges that defendants Herrera and Floreza violated his Eighth and Fourteenth Amendment rights when they refused to continue prescribing clonazepam.  He also alleges state law claims based on disability discrimination, malpractice, violations of the Outpatient Psychiatric Oversight Act, the Pennsylvania Prescription Monitoring Program, and claims for willful harm, criminal misconduct, gross negligence, reckless misconduct, malice, and

---

[2] Mouratidis also alleges that he has a history of involvement with law enforcement, which he attributes to his mental health disorders. (*Id.* at 14.)  He claims that he is currently facing aggravated assault charges in Philadelphia, allegedly because of his uncontrolled intermittent explosive personality disorder and disruptive impulse control.  (*Id.*)  Attached among the Exhibits to Mouratidis's Complaint are Philadelphia Court of Common Pleas docket entries in *Commonwealth v. Mouratidis*, MC-51-CR-21078-2020 (C.P. Phila.) (ECF No. 2-1 at 62-63), and documents reflecting Mouratidis's criminal history in the counties surrounding Philadelphia (*id.* at 33-38).

flagrant indifference.  (*Id.* at 20.)  As relief, he requests an award of compensatory and punitive

damages.  (*Id.* at 21-22.)[3]


## II.   STANDARD OF REVIEW

The court previously granted Mouratidis leave to proceed *in forma pauperis*.  (*See* ECF

No. 7.)  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the court to dismiss

the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240

(3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   "At this early stage of the litigation,' '[the

court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable

inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed,

. . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366,

374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mouratidis is proceeding

---

[3] Mouratidis attaches 82 pages of documents to his Complaint.  (*See* ECF No. 2-1.)  These
include correspondence from CBH to Mouratidis dated between April 26, 2019 and January 14,
2020 (some incomplete) reflecting the complaint process engaged in by Mouratidis arising from
the change in his medication (*id.* at 19-28), correspondence reflecting Mouratidis's pursuit of
complaints against defendant Herrera at the City and State levels (*id.* at 20-32), correspondence
and notes pertaining to Mouratidis's care at HCCS (*id.* at 47-50, 78, 79), documents reflecting
Mouratidis's history of prescribed drugs (*id.* at 51-61), HCCS progress notes (*id.* at 64-65), and
"Prescribing Guidelines for Pennsylvania: Safe Prescribing Benzodiazepines" (*id.* at 66-76).

*pro se*, the court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

### A.   Claims Against Erney, Tjoa, Patterson, Jones, Bailey, Brooks, Connell, Lamb, Orin, Shoyinka, and Vasko

Mouratidis does not include any factual allegations as to the involvement of defendants Erney, Tjoa, Patterson, Jones, Bailey, Brooks, Connell, Lamb, Orin, Shoyinka, and Vasko in the events giving rise to his claims.  Therefore, he does not state any plausible claims against them. Because the court cannot conclude that Mouratidis will not be able to state plausible claims against these defendants, Mouraditis will be granted leave to amend his claims against them.

4

B.      Section 1983 Claims

Read liberally, the court understands Mouratidis to be asserting constitutional and state

law claims against the defendants because Drs. Floreza and Herrera would not continue to

prescribe clonazepam to treat Mouratidis's explosive personality disorder.  The vehicle by which

federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the

United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  Additionally, "[a] defendant in a civil rights action must have personal

involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207

(3d Cir. 1988).

Mouratidis does not allege that defendants Herrera or Floreza are state actors.  Whether

an individual is acting under color of state law — i.e., whether the defendant is a state actor —

depends on whether there is "such a close nexus between the State and the challenged action'

that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*,

423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the

United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by

Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private

entity has exercised powers that are traditionally the exclusive prerogative of the state;

(2) whether the private party has acted with the help of or in concert with state officials; and

(3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).  Because Mouratidis has failed to allege that the defendants Herrera or Floreza are state actors, or may be treated as state actors under *Kach*, his § 1983 claims must be dismissed.  Because the court cannot state that Mouratidis can never state a plausible §1983 claim, he will be permitted to amend this claim.

### C.    Section 1981 Claim

Mouratidis asserts a claim under 42 U.S.C. § 1981.  Section 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C § 1981.  "'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'"  *White v. Wireman*, Civ. A. No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015). The first two elements of a § 1981 claim require showing that a plaintiff "belongs to a racial minority" and that the defendants had

the "intent to discriminate on the basis of race."  *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232

(7th Cir. 1984); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002).

Mouratidis does not allege that he is a member of a racial minority, or that defendants

Floreza's or Herrera's refusal to prescribe clonazepam was the product of an intent to

discriminate against Mouratidis on the basis of race.  Moreover, by its terms, the receipt of

medical care is not one of the protections afforded by § 1981.  For these reasons, Mouratidis's

§ 1981 claim is not plausible and must be dismissed.  Because amendment of this claim would be

futile, this claim will be dismissed with prejudice.

### D.      Section 1985 Claim

Mouratidis also asserts a claim under 42 U.S.C. §1985.  42 U.S.C. § 1985(3) creates a

cause of action against any two persons who "conspire . . . for the purpose of depriving, either

directly or indirectly, any person or class of persons of the equal protection of the laws, or of

equal privileges and immunities under the laws. . . ."  42 U.S.C. § 1985(3).  To state a plausible

claim under § 1985(3) a plaintiff must allege the following elements:  (1) a conspiracy;

(2) motivated by a racial or class based discriminatory animus designed to deprive, directly or

indirectly, any person or class of persons of the equal protection of the laws; (3) an act in

furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any

right or privilege of a citizen of the United States.  *Lake v. Arnold*, 112 F.3d 682, 685

(3d Cir.1997).  Significantly, "'[t]he [statutory] language requiring intent to deprive of equal

protection . . . means that there must be some racial . . . invidiously discriminatory animus

behind the conspirators' action.'"  *United Bhd. of Carpenters & Joiners of Am., Local 610,*

*AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102

(1971).  Moreover, a plaintiff must allege specific facts in order to sustain a § 1985(3) claim:

> With near unanimity, the courts have rejected complaints containing mere
> conclusory allegations of deprivations of constitutional rights protected under
> § 1985(3).  A conspiracy claim based upon § 1985(3) requires a clear showing of
> invidious, purposeful and intentional discrimination between classes or
> individuals.

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *see also Grigsby v. Kane*, 250 F. Supp.

2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those

addressing the period of the conspiracy, the object of the conspiracy, and actions taken in

furtherance of the conspiracy, will be deemed sufficient.")

   "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from

which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox

Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not

suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "'A conspiracy cannot be found

from allegations of judicial error, ex parte communications (the manner of occurrence and

substance of which are not alleged) or adverse rulings absent specific facts demonstrating an

agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New

Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) (quoting *Crabtree v. Muchmore*, 904 F.2d

1475, 1480-81 (10th Cir. 1990)).

   Mouratidis does not allege that defendants Floreza, Herrera or any other person he has

named conspired to deprive him of his preferred prescription drug.  Moreover, he does not allege

that their actions were "motivated by [an] intent to deprive [him] of equal protection" or that

there was a "racial . . . invidiously discriminatory animus behind [their] action.'"  Accordingly,

his § 1985 claim is not plausible and will be dismissed.  Because the court cannot state that

Mouratidis will not be able to state a § 1985 claim, he will be granted leave to amend this claim.

### E.    Section 1986 Claim

Mouratidis also asserts a claim under 42 U.S.C. § 1986, which creates a cause of action against anyone who, having knowledge of an act to be committed pursuant to a § 1985 conspiracy and the ability to intervene, fails to do so.  *See* 42 U.S.C. § 1986.  In order to state a claim under § 1986, a plaintiff must allege that:  "(1) the defendant had actual knowledge of a section 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a 1985 violation, (3) the defendant neglected or refused to prevent a 1985 conspiracy, and (4) a wrongful act was committed."  *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).  "'[T]he success of a section 1986 claim is contingent upon the existence of a viable section 1985 claim.'"  *Rosembert v. Borough of East Landsdowne*, 14 F.Supp.3d 631, 648 (E.D. Pa. 2014) (quoting *Murphy v. Yates*, 2005 WL 2989630, at *2 n.2 (E D. Pa. Aug. 8, 2005) (further citations omitted).  Because Mouratidis has not stated a plausible claim under § 1985, he cannot state a plausible claim under § 1986, and this claim must be dismissed.  Because the court cannot state with certainty that Mouratidis will not be able to state a plausible § 1986 claim, he will be permitted to amend this claim.

### F.    Americans with Disabilities Act Claim

Mouratidis asserts a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA").  Although Mouratidis cites only the definitional sections of the ADA, his claim appears to be most appropriately understood as one arising under Title III of the ADA, 42 U.S.C. § 12181, prohibiting discrimination against the disabled, *inter alia*, by a "professional office of a health care provider, hospital, or other service establishment."  42 U.S.C. § 12181(7)(F)  "To state a claim of disability discrimination under Title III of the ADA, a plaintiff must show (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods,

services, facilities, privileges, advantages or accommodations of any place

of public accommodation; (3) by the public accommodation's owner, lessor or operator."

*Anderson v. Franklin Inst.*, 185 F. Supp. 3d 628, 642 (E.D. Pa. 2016) (quoting *Harty v.*

*Burlington Coat Factory of Pennsylvania, L.L.C.*, Civ. A. No. 11-01923, 2011 WL 2415169, at

*9 (E.D. Pa. June 16, 2011) (internal citations omitted); *Dempsey v. Pistol Pete's Beef N Beer,*

*LLC*, Civ. A. No. 08-5454, 2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009). Mouratidis does not

allege that he was discriminated against on the basis of a disability.  Also, under Title III of

the ADA, private plaintiffs may not obtain monetary damages and therefore only prospective

injunctive relief is available.  *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa.

2013) (citing *Reviello v. Phila. Fed. Credit Union,* Civ. A. No. 12-508, 2012 WL 2196320, at *4

(E.D. Pa. June 14, 2012). Because he has not alleged facts sufficient to state a plausible claim for

injunctive relief under Title III of the ADA, this claim will also be dismissed without prejudice.

### G.    Claims Under the Code of Federal Regulations

Mouratidis includes 42 C.F.R. § 438.358 and 28 C.F.R. § 39.130(a)(b)(1) and (b)(1)(i) as

two bases for claims he purports to assert against the named Defendants.  Section 438.358

governs "Activities Related to External Quality Review" in Medicare managed care settings,

which is not implicated in this case based on the allegations in the Complaint.  Section 39.130

describes "General Prohibitions Against Discrimination" in the context of programs or activities

conducted by the Department of Justice, is also not implicated in this case based on the

allegations in the Complaint.  Even liberally construing the allegations in the Complaint, the

court can discern no nexus between Mouratidis's claim that he has been denied his preferred

prescription drug and the subject matter of these regulations.  These claims will be dismissed

with prejudice as not plausible.

**H.** **State law claims**

Having dismissed Mouratidis's federal law claims the court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mouratidis does not allege the citizenship of the parties, and provides only Philadelphia business addresses for the individual defendants. The information he has provided suggests that he and some, if not all, of the defendants may be Pennsylvania citizens. Accordingly, Mouratidis has not sufficiently alleged that the parties are diverse for purposes of establishing the court's

11

jurisdiction over any state law claims he intends to pursue.  The claims will be dismissed without prejudice for lack of subject matter jurisdiction.  If Mouratidis chooses to amend his federal claims, he may reassert his state law claims in his amended complaint.


IV.     CONCLUSION

For the reasons stated, Mouratidis's §1981 claim, and his claims asserted under 42 C.F.R. § 438.358 and 28 C.F.R. § 39.130(a)(b)(1) and (b)(1)(i) will be dismissed with prejudice.  The remainder of the Complaint will be dismissed without prejudice.  Mouratidis may file an amended complaint to attempt to cure the defects identified herein.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.